# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| H&K INTERNATIONAL, INC. § | |
| § | |
| v. § | |
| § | |
| F&M INSTALLATIONS CORP., H&S § | CIVIL ACTION NO. 3:22-CV-2278-S |
| INSTALLATIONS, CORP., SELECTIVE § | |
| INSURANCE COMPANY OF § | |
| AMERICA, ACE AMERICAN § | |
| INSURANCE COMPANY, and KGK § | |
| MANAGEMENT, INC. § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff H&K International, Inc.'s Motion to Remand ("Motion") [ECF No. 7]. Having reviewed and considered the Motion, Defendant ACE American Insurance Company's Response in Opposition to Plaintiff's Motion to Remand ("Response") [ECF No. 12], and Plaintiff's Reply in Support of Motion to Remand ("Reply") [ECF No. 15], the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

### I. BACKGROUND

On August 10, 2022, Plaintiff filed suit against Defendants F&M Installations Corp., H&S Installations, Corp., Selective Insurance Company of America, ACE American Insurance Company, and KGK Management, Inc., in the 14th Judicial District Court of Dallas County, Texas, seeking a declaratory judgment and asserting claims for breach of contract, anticipatory breach of contract, violations of the Texas Insurance Code, and bad faith/breach of the duty of good faith and fair dealing. Pl.'s Original Pet., ECF No. 1-4 ¶¶ 49-102.

On October 11, 2022, ACE removed this action on the basis of diversity jurisdiction. *See* Notice of Removal, ECF No. 1. In the Notice of Removal, ACE conceded that though Selective and KGK had consented to removal, F&M and H&S had not. *Id.* ¶¶ 14-15. Approximately two

weeks later, Plaintiff sought remand, asserting that ACE's removal was procedurally defective because ACE did not obtain the consent of all properly joined and served Defendants. Plaintiff also seeks an award of costs and attorney's fees incurred in connection with the removal.

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction and compliance with the requirements of the removal statute. *Shearer v. Sw. Serv. Life. Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *Blanchard v. Wal-Mart Stores, Tex., L.P.*, 368 F. Supp. 2d 621, 623 (E.D. Tex. 2005) (citation omitted). The Court must resolve all "doubts regarding whether removal jurisdiction is proper . . . against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Additionally, the Court must strictly construe removal statutes "against removal and for remand." *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002) (quoting *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996)).

The statute governing removal procedure, 28 U.S.C. § 1446, has been interpreted to require that all defendants properly joined and served at the time of removal consent to the notice of removal. *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988)). This is commonly known as the "unanimity rule," "unanimity of consent rule," or the "unanimous consent rule." *See Ortiz v. Young*, 431 F. App'x 306, 307 (5th Cir. 2011) ("unanimity of consent rule" (citation omitted)); *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 375 (5th Cir. 2006) ("unanimity rule"); *Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992) ("unanimous consent rule"). There are three exceptions to the unanimity rule: "(1) where the defendant was not yet served with process at the time the removal petition was

filed; (2) where a defendant is merely a nominal, unnecessary or formal party-defendant; and (3) where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c)." *Moreno Energy, Inc. v. Marathon Oil Co.*, 884 F. Supp. 2d 577, 582-83 (S.D. Tex. 2012) (footnotes omitted) (citation omitted); *see also Penson Fin. Servs., Inc. v. Golden Summit Invs. Grp., Ltd.*, No. 3:12-CV-300-B, 2012 WL 2680667, at *6 (N.D. Tex. July 5, 2012) (same).

### III. ANALYSIS

#### A. Motion to Remand

ACE's argument against remand proceeds in two parts. First, ACE argues that removal was procedurally proper because F&M and H&S are not subject to personal jurisdiction in Texas and thus were improperly joined and did not need to consent to removal. Second, ACE contends that the Court should consider the challenge to personal jurisdiction before considering Plaintiff's Motion. Because ACE's second argument goes to the order in which the Court should analyze the issues, the Court evaluates that argument first.

ACE cites several cases in support of its assertion that the Court should consider its challenge to personal jurisdiction before considering Plaintiff's challenge to removal. But the cases ACE cites share a single, critical feature that is absent here—a motion to dismiss for lack of personal jurisdiction was pending before the Court. *See Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 212 (5th Cir. 2000) (stating that two defendants filed motions to dismiss for lack of personal jurisdiction after the case was removed to federal court); *Cooper v. McDermott Int'l, Inc.*, 62 F.3d 395, 1995 WL 450209, at *1 (5th Cir. 1995) ("International moved pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss Cooper's claims for lack of personal jurisdiction."); *Villar v. Crowley Mar. Corp.*, 780 F. Supp. 1467, 1472 (S.D. Tex. 1992) ("The Codefendants jointly move to dismiss on the ground that they are not subject to personal jurisdiction."); *see also*

3

*Villar*, 780 F. Supp. at 1474 ("In both *Nolan* and *Martino*, the Court, relying on existing Fifth Circuit case law, held that when presented with *both* a motion to remand *and* a motion to dismiss for lack of personal jurisdiction, the district court has the discretion to decide which to take up first." (emphases added) (footnote omitted) (citations omitted)). Here, by contrast, H&S has never filed such a motion. Though F&M filed a motion to dismiss for lack of personal jurisdiction, that motion has since been withdrawn and terminated as moot. *See* ECF No. 14. And F&M and H&S's special appearances in state court are insufficient to bring the issue of personal jurisdiction before this Court. *See, e.g., McCallum v. Camping World, Inc.*, No. SA-19-CV-01021-OLG, 2020 WL 4556145, at *1 (W.D. Tex. Apr. 21, 2020) ("[I]n federal courts, a plaintiff wishing to challenge personal jurisdiction generally must do so through a motion for relief under Rule 12 of the Federal Rules of Civil Procedure."). Because there is no motion challenging personal jurisdiction before the Court, the only motion for the Court to consider is Plaintiff's Motion.

As to the propriety of removal, ACE contends that F&M and H&S's consent is not required because they were improperly joined. Specifically, ACE argues that F&M and H&S were improperly joined because Texas courts do not have personal jurisdiction over them. ACE's argument is unavailing.

As an initial matter, the Court is skeptical that the improper joinder doctrine applies where a plaintiff allegedly joins a diverse, out-of-state defendant to defeat federal removal jurisdiction. The improper joinder doctrine provides that "federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined nondiverse and/or in-state defendant." *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006); *see also Akerblom v. Ezra Holdings Ltd.*, 509 F. App'x 340, 344 (5th Cir. 2013) ("Improper joinder exists when a plaintiff cannot establish a claim . . . against a defendant whose presence in the action will defeat diversity

4

or removal jurisdiction." (citation omitted)), *abrogated on other grounds by Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193 (5th Cir. 2016). For this reason, multiple courts in the Fifth Circuit have determined that improper joinder cannot excuse a defendant's failure to obtain consent where the Court's subject-matter jurisdiction is not in question. *See, e.g.*, *Breitling v. LNV Corp.*, 86 F. Supp. 3d 564, 571-72 (N.D. Tex. 2015) (holding that "the Removing Defendants' reliance on the doctrine of improper or fraudulent joinder to excuse [a defendant's] lack of consent is misplaced" because the non-consenting defendant's presence in the case "has no effect on the Court's subject matter jurisdiction"); *Chavez v. Goodyear Tire & Rubber Co.*, No. 4:17-CV-00714-ALM, 2018 WL 501092, at *2 (E.D. Tex. Jan. 22, 2018) ("Goodyear's application of improper joinder is troublesome because the issue is not whether Plaintiff joined Nelson to destroy diversity, but whether Nelson's consent to remove is necessary."); *Pike Cnty. v. Aries Bldg. Sys., LLC*, No. 5:17-CV-17-DCB-MTP, 2017 WL 1737722, at *3 (S.D. Miss. May 3, 2017) ("The Court is unconvinced that the improper joinder analysis is relevant absent some non-diverse party.").

The Court finds the reasoning in these cases persuasive. As the *Breitling* court explained, when a case with a non-diverse or in-state defendant is removed to federal court based on diversity jurisdiction, the court "must perform th[e] improper joinder analysis to determine its subject-matter jurisdiction." 86 F. Supp. 3d at 571. Because the court must perform this analysis, "it logically follows that . . . a removing defendant may simply note in its notice of removal that the in-state defendant is improperly joined and need not obtain the allegedly improperly joined defendant's consent to or joinder in removal or even explain . . . the lack of . . . consent." *Id.* Here, by contrast, the parties are completely diverse, and no defendant is a resident of the forum state. As such, the Court would never need to conduct an improper joinder analysis, and ACE would never bear the

burden to justify its assertion of improper joinder. This illogical outcome underscores the inapplicability of the improper joinder doctrine in this case. Tellingly, ACE has not cited, and the Court has not located, any binding authority applying an improper joinder analysis where, as here, a party asserts that a diverse, out-of-state defendant was improperly joined.

The Court acknowledges that the nominal defendant doctrine may apply where diversity jurisdiction is not at issue and involves a similar analysis. But ACE, the party with the burden to justify removal, has not invoked that doctrine, and the Court must resolve all doubts in favor of remand. Therefore, the Court declines to construe the Notice of Removal as asserting that this exception applies. *See Chavez*, 2018 WL 501092, at *3 ("Goodyear failed to make any reference or mention to . . . the nominal defendant doctrine. . . . As such, Goodyear did not meet its burden to affirmatively explain why Nelson's consent is unnecessary.").

But even if ACE could rely on the improper joinder or nominal defendant doctrines, ACE cannot show that there is no possibility that Plaintiff would be able to establish a cause of action against F&M and H&S by asserting lack of personal jurisdiction on behalf of F&M and H&S. "[T]he defense of lack of personal jurisdiction" can "be waived, and the right to waive *in personam* jurisdiction is personal to the defendant." *Seguros Comercial Am., S.A. de C.V. v. Am. President Lines, Ltd.*, 934 F. Supp. 243, 245 (S.D. Tex. 1996); *see also Zhaoyin Wang v. Beta Pharma, Inc.*, No. 3:14-CV-01790, 2015 WL 5010713, at *12 (D. Conn. Aug. 24, 2015) (collecting cases standing for the proposition that co-defendants may not assert lack of personal jurisdiction on behalf of other defendants in the improper joinder context).

Though ACE correctly notes that F&M and H&S filed special appearances in state court and have not yet affirmatively waived personal jurisdiction in this Court, the fact remains that neither F&M nor H&S has a challenge to personal jurisdiction pending before this Court. *See*

6

*McCallum*, 2020 WL 4556145, at *1 ("[A] special appearance is a form of pleading abolished decades ago in the federal courts, and in federal courts, a plaintiff wishing to challenge personal jurisdiction generally must do so through a motion . . . ." (internal quotation marks and citation omitted)). "The personal-jurisdiction analysis is fact-intensive. Typically, when there is a motion to dismiss for lack of personal jurisdiction, there are affidavits and other evidence." *Zufelt v. Isuzu Motors Am., L.C.C.*, 727 F. Supp. 2d 1117, 1131 (D.N.M. 2009) (internal citation omitted). Here, by contrast, the Court has only the evidence submitted in connection with F&M and H&S's special appearances in state court and F&M's withdrawn motion to dismiss. The Court has no evidence from Plaintiff supporting the existence of personal jurisdiction. In sum, ACE "cannot establish that [F&M and H&S were] fraudulently joined based upon a defense that is only available to [F&M and H&S]." *Seguros Comercial Am.*, 934 F. Supp. at 245.

In support of its argument that the consent of a defendant who is not subject to personal jurisdiction is not required, ACE cites only a single, unpublished case from the Northern District of West Virginia. *See* Resp. ¶ 20 (citing *Young v. Select Portfolio Servicing, Inc.*, No. 3:19-CV-92, 2019 WL 13150085, at *2 (N.D.W. Va. Aug. 7, 2019)). *Young* does not support ACE's position. The *Young* court merely reiterated that defendants who have not been served at the time of removal need not consent to removal. *See* 2019 WL 13150085, at *2 (holding that non-consenting defendant's consent was not required because it "was not properly served with the summons and complaint"). ACE does not dispute that F&M and H&S were served prior to removal, so *Young* is irrelevant.

Finally, the Court notes that despite its references to improper joinder in its Notice of Removal and Response, ACE does not seriously contend that F&M and H&S were improperly joined to defeat federal removal jurisdiction. ACE does not argue that F&M and H&S are not

7

proper parties to this lawsuit. And the parties are diverse, so Plaintiff could not have known when it filed suit that the joinder of F&M and H&S would preclude removal to federal court. In other words, the impediment to removal is not Plaintiff's joinder of F&M and H&S but rather F&M and H&S's lack of consent, which Plaintiff ordinarily cannot control. ACE, however, argues that Plaintiff controlled the situation by colluding with F&M and H&S in two ways: (1) by inducing F&M and H&S to withdraw their consent to removal; and (2) by inducing F&M to withdraw its motion to dismiss for lack of personal jurisdiction in an effort "to deprive ACE of a federal forum based on F&M's lack of consent to removal while simultaneously permitting F&M to dispute personal jurisdiction in state court." Resp. ¶¶ 14, 25. "The Fifth Circuit has not recognized . . . collusion as providing a legal basis for improper joinder of a non-consenting diverse defendant." *Shamieh v. Am. Interstate Ins. Co.*, No. 06-CV-242, 2006 WL 8456142, at *8 (W.D. La. July 17, 2006).

Few district courts in this Circuit have addressed the concept of collusion in the context of improper joinder and/or the unanimity rule, and those that have done so have reached differing conclusions. *Compare Wells v. Michelin N. Am., Inc.*, No. 3:12-CV-212-DPJ-FKB, 2013 WL 12123371, at *2 (S.D. Miss. Jan. 23, 2013) (rejecting defendant's argument that proof of collusion can establish improper joinder and noting that "[t]he Fifth Circuit has never sanctioned the subjective-intent collusion test Defendants suggest") *with Augustine v. Emps. Mut. Cas. Co.*, No. 2:08-CV-1102, 2010 WL 4930317, at *6, *18 (W.D. La. Nov. 30, 2010) (noting that based on district court decisions from other circuits, "[a] final exception to the unanimity of consent rule seems to exist in a situation where it is found that there has been collusion between the plaintiff and the non-consenting defendant," but ultimately deciding that "[w]hether collusion could serve as an exception to the rule of unanimity in this court is a question to be reserved for another day"

8

(citation omitted)). Regardless, most if not all courts to have recognized or considered a collusion exception have required "clear and convincing evidence" of the alleged collusion. *Augustine*, 2010 WL 4930317, at *17; *see also Rupert v. Winter*, No. 3:10-CV-0799-N, 2012 WL 13102348, at *3 (N.D. Tex. Jan. 24, 2012). ACE has not met its burden to provide such evidence here.[1]

The only evidence ACE cites to support its collusion allegations is the Declaration of Christopher A. Wadley, in which counsel for ACE states that F&M's attorney informed him that F&M and H&S withdrew their consent to removal "because F&M and H&S have an ongoing business relationship with [Plaintiff] and [Plaintiff] threatened to end that relationship if F&M and H&S consented to removal." ECF No. 12-1 at 125. ACE also points to the fact that Plaintiff and F&M agreed that F&M should withdraw its motion to dismiss without prejudice to refiling, indicating that Plaintiff and F&M are trying to "have their cake and eat it, too." Resp. ¶ 25. Plaintiff replies that it was not colluding with F&M but instead that the parties wished to "avoid engaging in jurisdictional discovery" if the case is subject to remand. Reply ¶ 7. Even if the Court assumes that collusion is an exception to the unanimity rule, ACE has not put forth clear and convincing evidence of impermissible collusion.

A central purpose of the unanimity rule is to ensure that a case is not removed unless the defendants unanimously agree that it should be. *See Moore v. Am. Home Prods. Corp.*, No. 3:98-CV-2179-G, 1998 WL 760267, at *1 (N.D. Tex. Oct. 21, 1998) (citing *Getty Oil Corp.*, 841 F.2d at 1263)). Permitting ACE to challenge the Court's jurisdiction over F&M and H&S "as a means of excusing [their] joinder in or consent to removal would deprive the non-removing defendant[s]

---

[1] The Court also notes that courts in other circuits that have refused remand due to collusion have found evidence that the plaintiff did not intend to proceed against the nonconsenting defendant. *See Diaz v. Kaplan Univ.*, 567 F. Supp. 2d 1394, 1404 (S.D. Fla. 2008) ("The undisputed evidence before the Court shows that Plaintiff has joined Defendant Wilcox to ensure that his case remain in state court and not to obtain a judgment against him."); *In re Diet Drugs Prods. Liab. Litig.*, 220 F. Supp. 2d 414, 422 (E.D. Pa. Aug. 13, 2002) ("Based on the above evidence we find that defendants have met their heavy burden of persuasion that plaintiffs have no real intention in good faith to seek a judgment against the phentermine defendants . . . ."). The Court has no such evidence before it here.

of [their] right to remain in state court." *Marquette Bus. Credit, Inc. v. Am.'s Kitchen, Inc.*, No. 3:09-CV-1937-D, 2010 WL 1711767, at *4 (N.D. Tex. Apr. 28, 2010). "[I]t is well established that each defendant has the right to insist on remaining in the state forum." *Id.* For all the reasons provided herein, the Court grants Plaintiff's request to remand this case to state court.

### B. *Request for Attorney's Fees and Costs*

Pursuant to 28 U.S.C. § 1447(c), Plaintiff requests an award of "its reasonable fees and costs incurred in preparing this Motion." Mot. ¶ 26. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Generally, courts may award attorney's fees under this provision only when the removing party lacked an objectively reasonable basis for seeking removal. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292-93 (5th Cir. 2000). Although the Court finds that removal was improper in this case, the Court is unable to conclude that ACE lacked an objectively reasonable basis for removing this case. Accordingly, the Court denies Plaintiff's request for attorney's fees and costs.

### IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to Remand [ECF No. 7]. The Court **GRANTS** the Motion as to the request to remand the case and **DENIES** the Motion as to the request for attorney's fees and costs. The case is **REMANDED** to the 14th Judicial District Court of Dallas County, Texas.

**SO ORDERED.**

SIGNED January 31, 2023.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**